UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO PARRA PARRA (A-073-770-859),<br>Petitioner,<br>v.<br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et al.,<br>Respondents. | No. 1:26-cv-04293-DC-CSK (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 19) |

Petitioner, an immigration detainee proceeding through counsel, filed this amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 15.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 1, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (Doc. No. 19.) On September 8, 2026, Respondents filed objections, stating merely that they "object to the Findings and Recommendations for the reasons set forth in their previous pleadings." (Doc. No. 21.) However, those arguments were already addressed by the magistrate judge in this case and the undersigned in other cases. *See Pham v. Warden*, No. 1:25-cv-01873-DC-AC (HC), 2026 WL

849861, at *3 (E.D. Cal. Mar. 27, 2026) (granting habeas corpus petition and ordering immediate release upon finding that the government violated Petitioner's due process rights and also failed to adhere to the procedures set forth under 8 U.S.C. § 241.13(i)); *Hoac v. Becerra*, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771 (E.D. Cal. July 16, 2025) (granting immediate release where the petitioner was likely to demonstrate the government violated 8 U.S.C. § 241.13(i) because the petitioner allegedly detained under 8 U.S.C. § 1231 was not provided with an informal interview and the government could not demonstrate that changed circumstances such that the petitioner would be removed in the reasonably foreseeable future); *El-Ghazaly v. Chestnut*, 1:25-cv-01621-DC-CKD, 2025 WL 3485030 (E.D. Cal. Dec. 4, 2025) (similar); *Vuong v. Becerra*, 1:25-cv-01847-DC-CSK, 2025 WL 3707172 (E.D. Cal. Dec. 22, 2025) (same). Thus, Respondents' objections do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed September 1, 2026 (Doc. No. 19) are ADOPTED;

2. Petitioner Julio Parra Parra's (A-073-770-859) amended petition for a writ of habeas corpus (Doc. No. 15) is GRANTED on claims one and three, as follows:

   a. Respondents are ordered to IMMEDIATELY RELEASE Petitioner from custody under the same conditions he was previously released in his 2020 Order of Supervision;

   b. Respondents shall RETURN all of Petitioner's documents and possessions (e.g., identification, passport, work permit, Social Security card, etc.) upon his release from custody;

   c. Within three (3) days from the date of entry of this order, Respondents shall FILE a notice of compliance with this court confirming that Petitioner

has been released in accordance with the above; and

d. Respondents are enjoined and restrained from re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, compliance with the requirements of 8 C.F.R. § 241.13(i) for revocation of release, and any other applicable statutory and regulatory procedures;

3. The Clerk of the Court is directed to serve the California City detention facility with a copy of this order; and

4. The Clerk of the Court is ordered to enter judgment accordingly and close this case.

IT IS SO ORDERED.

Dated: **September 11, 2026**

Dena Coggins
United States District Judge